Catron, Ch, J.
delivered the opinion of the court.
The circuit «ourt charged the jury, “that Andrew Miller bad two improvements, and he might elect at which he would take his reserve of a mile square; that *66 be might have taken it at Pumpkin town or Toqua; that the specification of the place where Miller registered his name, together with other acts of his, might be taken as evidence of his intention as to the locality of his reservation. That the election, when made, would be conclusive on himself and his heirs.”
Miller had for twelve years resided at Purppkin town, and had a farm of seventy-five acres of cleared land. In the spring of 1818 he took his wife and part of his family to Toqua, twenty-five miles from Pumpkin town, built a cabin, two stables, made a small field and had corn growing, when he died early in the cropping season of 1818. On the 24th of May, 1818, he registered his nanie with the agent for a reserve at Toqua. He said he went there and, improved to take his reserve at that place, and that he did elect to take there is free from doubt. The charge of the court was therefore conclusive of the cause, and no charge was given on any other ground assumed by the plaintiff. ' The important ground involving a principle is, whether Andrew Miller’s heirs are entitled to any land, their father having died before the treaty of 1819 was made, until which time, it is insisted for the plaintiff, no title vested by virtue of the treaties. On this point the court has formed no opinion, and leaves it open. But had the treaty of 1817 conferred title on Miller by virtue of the registry of his name, yet we think the charge and finding of the jury in favor of Toqua, was clearly proper, and that the judgment must therefore be affirmed.
Judgment affirmed-